UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHARON LOPEZ,

                Plaintiff,                              **Civil Action No.:17CV 2848**

      -against-                                        **AMENDED COMPLAINT**

THE CITY OF NEW YORK and POLICE OFFICER
OMAR RACKOFF, SHIELD #02492, POLICE OFFICER
HENRY ETIENNE, SHIELD # 01387, P.O. RAYNA HALL,
SHIELD #19266, P.O. MICHAEL ERNST, SHIELD #16255    **JURY TRIAL DEMAND**
P.O. MATTHEW KLEIN, SHIELD # 17176,
P.O. TIMOTHY GORMAN, SHIELD # 8359, SERGEANT
JOSEPH PONTECORVO #10488, AND OTHER
UNIDENTIFIED NEW YORK CITY POLICE OFFICERS,
EACH OFFICER INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY,

                                Defendants
------------------------------------------------------------------X

        Plaintiff SHARON LOPEZ, by her attorney Edward Zaloba, Esq., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 USC §1983 and 42 USC §1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §1981,§1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §1331, §1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C.§1391(b) in that this is the District in which the claim arose.

5. Plaintiff respectfully demands a trial by Jury of all issues in this matter pursuant to Fed R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, SHARON LOPEZ, a citizen of the United States, and at all relevant times, is a resident of the City and State of New York.

7. Defendant, The City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York

8. Defendant, The City of New York maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, Police Officer Omar Rackoff, Police Officer Henry Etienne, Police Officer Rayna Hall, Police Officer Michael Ernst, Police Officer Matthew Klein, Police Officer Timothy Gorman and Sergeant Joseph Pontecorvo and other unidentified New York City Police Officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendant, either personally or through their employees, were acting under color of state of law and/or in compliance with the official rules, regulations, laws, statutes, customs usages and/or practices of the State or City of New

York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant The City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant The City of New York.

13. All defendant officers are being sued in both their individual and official capacities.

14. There are partially named defendant police officers, however since we do not have their full names and shield numbers, they will remain unidentified at this juncture.

15. Each and all of acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## NOTICE OF CLAIM

16. That on or June 10, 2016, a Notice of Claim, was served upon the Comptroller of the CITY OF NEW YORK.

17. The a 50H hearing was conducted on February 14, 2017.

18. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

19. That this action is commenced within one year and ninety days after the causes of action arose and other causes of action within three (3) years when said action arose.

## STATEMENT OF FACTS

20. On May 17, 2016, at approximately 7:30 p.m. and thereafter, the defendant officers and other unidentified officers, forcefully entered the claimant's apartment located at 150-41 75th Road, Apartment 2B in Flushing, New York by cutting the chain thereto.

20. Plaintiff initially came to the door and indicated there was no problems thereat.

21. Plaintiff even called her daughters to the door for the officers to view and speak to.

22. The defendant officers and other unidentified officers nevertheless broke the chain

lock and immediately pushed and seized plaintiff.

23. The defendant officer Rackoff and other unidentified officers grabbed and twisted plaintiff's arm to cuff her and did in fact cuff plaintiff.

24. Upon plaintiff's request, her daughter started video taping the incident occurring in about the kitchen with plaintiff.

25. Shortly thereafter, Police Officer Rayna Hall, removed the children from plaintiff's visual area and took them into a bedroom.

26. Once in the bedroom, Police Officer Rayna Hall seized the cel phone from plaintiff's daughter, Shaylia, and erased the video therein.

27. It was readily apparent prior to the police entrance that there was nothing of a dangerous nature occurring therein.

28. Once in said apartment, it was clear to the defendant officers that no crimes were occurring nor any dangerous situation existing.

29. Nevertheless, the defendant officers searched the entire premises.

30. The defendant officer Rackoff, and other defendant officers indicated that they didn't need a warrant. The defendant officers were assisted by Police Officers McCassey and McCarthy etc.

31. The defendant officer Hall and other defendants continued to separate plaintiff form her children.

32. There were approximately 6-8 officers in the apartment.

33. The defendants' kept plaintiff cuffed.

34. The plaintiff's cuffs were extremely tight.

35. The plaintiff requested said cuffs to be loosened as they were painful. The defendant officers ignored her requests and defendants or an officer (believed to be McCarthy) tightened said cuffs.

36. The entire apartment was searched and no contraband nor weapons were found.

37. That after said search, a police officer believed to be P.O. McCarthy lied and stated "you're drunk".

38. The defendants requested that Ambulance be called.

39. That the plaintiff was neither drunk nor did she smell of alcohol.

40. The plaintiff had been pushed and forcibly cuffed in front of her children and thereafter deliberately kept separate from her children.

41. The defendant officers, and those unidentified officers, acting in concert seized plaintiff without probable cause and continued to deprive her of her liberty.

42. That said defendant officers and unidentified officers continued conspiring and acting in concert took action to cover up the violation of plaintiff's constitutional rights.

43. That the defendant officers, identified and unidentified caused plaintiff to involuntarily be taken to Queens Hospital without probable cause or justification thereof.

44. That plaintiff was forcibly taken to said hospital in cuffs where she was rear cuffed and pulled by the cuffs while being removed from her apartment and building thereat.

45. That the defendant officers denied plaintiff's request to have her children stay with either her live in boyfriend, Mr. Ruiz, or his mother both of whom were present.

46. That defendants Ernst and Hall involuntarily seized said children from their home.

47. That the defendant officers kept said children from their mother and involuntarily and without justification took them to the hospital.

48. That the plaintiff was kept at said hospital by Defendant Etienne, Rackoff and other police officers without probable cause or justification thereof.

49. That the plaintiff remained cuffed at said hospital.

50. At said hospital, defendant officers Rackoff and Etienne watched as plaintiff was caused to expose her breasts to said officers.

51. That the defendant officers, Rackoff and/or Etienne and other unidentified officers caused false entries to be made in said medical records and made false statements to medical care provider.

52. That the defendant officers, Rackoff and Etienne created and made false police reports in an attempt to conceal the violations of plaintiff's constitutional rights.

53. That the defendant officers caused plaintiff to be brought to the hospital under false pretenses and that records were made thereof as a result thereto.

54. That plaintiff was not found to be drunk or under the influence of alcohol.

55. That the plaintiff was found to be normal and only upset and had anxiety only due to the police conduct thereof.

56. That the plaintiff was released from said hospital; after having been unlawfully seized and having been in police custody for over 7 hours.

57. That her children were released to another family member.

58. That the police kept plaintiff's keys and she was caused to go to said precinct to retrieve same.

59. That plaintiff's apartment was in total disarray as a result of the warrantless unreasonable search.

60. That defendants caused ACS to become involved and invaded the privacy of plaintiff and her children.

61. That ACS came to the location unannounced on numerous occasions at the request of said defendant officers.

62. That ACS's involvement was terminated as the allegations were unfounded.

63. That the conduct of said defendant officers and unidentified officers caused plaintiff to suffer physical injury to her wrists and left shoulder.

64. That said defendant officers' and those unidentified officers' conduct caused

plaintiff to suffer emotional injuries requiring therapy.

65. That there were no exigent circumstances requiring a warrantless forceful entry and search.

66. That upon the defendants' warrantless entry there was no circumstances requiring the defendant officers to cuff, continue to cuff and injury plaintiff.

67. That there were no circumstances existing therein requiring plaintiff to be forcefully taken to said hospital.

68. That there was no probable cause for said forcible entry nor were there exigent circumstances for said forceful entry.

69. The claimant was unlawfully seized. All of the above conduct was performed without probable cause and was unreasonable under the circumstances therein.

70. The defendants and the unidentified officers use of force was neither reasonable nor justified under the circumstances.

71. The defendants and the unidentified officers use of force were excessive and without legal justification, without the authority of law, and without reasonable necessity to use such force.

72. The defendants and unidentified officers failed to intervene to prevent violation of plaintiff's civil rights from occurring.

73. The plaintiff had not committed any crimes or infractions.

74. The full extent of injuries to plaintiff are unknown at this time.

75. As a result of the defendants' and unidentified officers' conduct and use of force, the plaintiff was caused to suffer irreparable harm, permanent physical injury, economic injury-loss of time at work, emotional and psychological injury, and violations of her civil rights and other injury.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF DEPRIVATION OF CIVIL RIGHTS 1983

76. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set

forth set forth herein.

77. The conduct and actions of Defendants, and other unidentified New York City police officers, under color of state law and acting without probable cause, justification, or otherwise privileged, subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of her rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

(a) Plaintiff was deprived of her First Amendment right to speak freely and to petition the government for redress of grievances;

(b) Plaintiff was deprived of her Fourth Amendment constitutional right to be free from both unreasonable seizures of her person as well as invasion and entry of her home without a warrant;

(c) Plaintiff was deprived of her Fourth Amendment right to be free from the use of excessive or unreasonable force;

(d) Plaintiff was deprived of her Fourteenth Amendment right to liberty, without due process of law;

(e) Plaintiff was deprived of her Fourteenth Amendment right to equal protection of law;

78. As a result of the defendants' conduct, plaintiff SHARON LOPEZ, sustained economic loss, physical and emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. §1983 AND THE USE OF EXCESSIVE AND UNREASONABLE FORCE

79. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

80. That the plaintiff's rights have been violated under the Fourth and Eighth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force by defendants and unidentified police officers, who either intentionally,

recklessly or negligently assaulted and battered plaintiff.

81. That the said assault and battery of the plaintiff was effected by defendants and unidentified police officers without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

82. As a direct result of defendants' and unidentified police officers' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's rights to be free from the use of excessive and unreasonable force.

83. That all the defendants and unidentified police officers who witnessed the use of excessive force against the plaintiff and who had a reasonable opportunity to intervene and prevent her being injured and who failed to do so are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

84. That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, requiring her to received medical attention and she was subjected to physical pain, humiliation, embarrassment, anxiety, closed confinement, and that she will be subjected to continuing physical harm, pain, future surgeries and expenses for and will continue to incur medical expenses, and that plaintiff was otherwise harmed.

### AS AND FOR A THIRD CAUSE OF ACTION
### LIABILITY OF DEFENDANT CITY
### FOR CONSTITUTIONAL VIOLATIONS MONELL (STATE & FEDERAL)

85. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

86. At all times materials to this complaint, the defendant City of New York, acting through its police department, the New York City Police Department, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

87. The aforementioned customs policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to assault and battering persons without justification thereto, and thereafter concealing same to superiors,

I.A.B. and CCRB.

88. The defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and unidentified officer(s) herein, for their refusal to report assault and battery of a person by fellow officers, where there was no justification thereof.

89. The existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

90. Despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

91. Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons, assaulting persons by the use of excessive and unlawful force, and thereafter falsifying official records, forcing victims to hospital to create false records, etc, and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiff to be subjected to deprivations of her civil rights.

92. That the defendant municipality, NYC, alerted to the existence of a significant number of illegal seizures and arrests, by its police officers, by repeated complaints, of false arrest, and the use of excessive and unlawful force, exhibited deliberate indifference thereto in

that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite or repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

93. That the defendant municipality, NYC, has also been alerted by its employee officers to cover up the use of excessive and unlawful force by its police officers, and that the culture of violence by NYPD has been allowed to exist without repercussions to the officers who engage in such behavior. This behavior was permitted to continue in the case at bar.

94. Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is implemented by police officers of said City. Where the use of unlawful and excessive force is concealed by a conscious effort by all officers to conspire and thus conceal such conduct. Where the upward mobility of the officers within ranks is accomplished. This conduct is open and notorious and frequently used by officers to conceal improper conduct by said officers. This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

95. The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

96. Each and every year, thousands of civil rights actions alleging illegal seizure and false arrest and unlawful imprisonment and the use of excessive and unlawful force by police officers are brought and "settled" by the defendant New York City. Each year, the defendant, New York City spends millions of dollars to settle and/or satisfy said actions. Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled. Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

97. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

(a) Has failed to properly train, instruct, and discipline police officers with regard to the duty to intervene and to report violations of civil rights;

(b) Has failed to properly train, instruct, and discipline police officers with regard to lawful entries into the home.

(c) Has failed to properly train, instruct, and discipline police officers with the use of excessive and unlawful force;

(d) Has failed to properly train, instruct, and discipline officers whether someone is in need of medical attention;

(e) Has failed to properly instruct, and discipline police officers with regard to perjuries testimony and police reports;

(f) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(g) Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

(h) Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

(i) Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

98. Defendant City of New York is directly liable and responsible for the acts of defendants and unidentified officers because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

99. The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

100. Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiff of her rights without due process of law,

in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights, right to be free from the use of excessive force, right to due process, and right to equal protection of the laws.

101. The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

102. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

103. As a result of the foregoing, plaintiff sustained great emotional and physical injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### NYS CONSTITUTIONAL VIOLATIONS

104. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

105. Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges and immunities:

    (a)    Plaintiff was deprived of her rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and 9 of the Constitution of the State of New York;

    (b)    Plaintiff was deprived of her rights to be free from the use of excessive or unreasonable force in the course of either a lawful or an unlawful seizure, in

violation of § 12 of the Constitution of the State of New York;

(c) Plaintiff was deprived of her rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

106. As a result of the defendants' conduct, SHARON LOPEZ, sustained physical injury and great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FALSE ARREST

107. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

108. By the actions described above, the defendants, falsely seized and arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The defendants intended to confine plaintiff, plaintiff was aware of her confinement and did not consent to said confinement. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiffs by the laws and Constitution of the State of New York.

109. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF FALSE IMPRISONMENT

110. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

111. By the actions described above, the defendants Rackoff and other defendants and other unidentified officers, each acting individually and in concert with each other, falsely imprisoned plaintiff, without reasonable or probable cause, illegally and without a warrant and without any right or authority to do so. The acts and conduct of the defendants was the direct

and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

112. Plaintiff was conscious of and did not consent to her confinement.

113. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation and was otherwise harmed, damaged and injured.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

114. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

115. By the actions described above, that defendant Rackoff and other defendants and other unidentified officers, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotion distress to plaintiff, SHARON LOPEZ. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

116. As a result of the foregoing, plaintiff sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF NEGLIGENCE

117. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

118. Defendants and other unidentified officers, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

(a) failed to perform their duties as reasonable and prudent officers where the defendant(s) officers seized, cuffed and forced involuntary hospitalization upon plaintiff, other defendant officers and unidentified officers recklessly and negligently ignored same.

(b) failed to perform their duties as reasonable and prudent officers where given the facts herein no officer intervened to stop either the initial unlawful use of excessive force,

(c) hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities as well as a propensity to conspire against innocent persons where said officers would conspire and falsely seized persons or fail to report any person they have injured, in an effort to conceal their assaultive conduct and their unlawful use of force, and excessive unreasonable use of force;

(d) failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their department, behavior, and conduct, including (but not limited to) the obligation of police officers to intervene, as an affirmative duly to protect citizens threatened with deprivation of constitutional rights by other New York City police officers;

(e) failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct.

119. Defendant officers and unidentified officers acting jointly and severally, negligently caused extreme emotional distress to plaintiff, SHARON LOPEZ. The acts and conduct of the defendants were reasonably foreseeable, and were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

120. All of these acts were performed without any negligence on the part of the plaintiff and were the proximate cause of injuries to her.

121. As a result of the foregoing, plaintiff sustained great emotional and physical injuries.

## AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FAILURE TO INTERVENE

122. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set

forth set forth herein.

123. Each and every individual defendant officer and unidentified officers had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of her constitutional rights.

124. The individual defendant officers and unidentified officers failed to intervene on plaintiff, **SHARON LOPEZ**'s behalf to prevent the violation of her constitutional rights despite having a realistic opportunity to do so.

125. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and she was subjected to use of excessive force and other violations of her constitutional rights.

## AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ASSAULT AND BATTERY

126. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

127. By the actions described above, defendant Rackoff and other defendants and unidentified police officers while in the scope of their employment, maliciously, willfully and intentionally committed assault and battery upon the plaintiff with apparent ability and objective to cause imminent harm and offense bodily harm and subjected plaintiff to physical injury and harm and embarrassment and humiliation. The defendants and unidentified officers intentional willfully and maliciously battered plaintiff, when they, in a hostile and offensive manner struck plaintiff without her consent and with the intentions of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery. The acts and conduct of the defendants and other unidentified police officers were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

128. As a result of the foregoing, plaintiff sustained great emotional injuries, was subject to great humiliation, physically harmed and was otherwise harmed, damaged and injured.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, CLAIM FOR RELIEF UNDER NY STATE LAW NEGLIGENT HIRING AND RETENTION,

129. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

130. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants and unidentified officers who conducted and participated in the use of excessive force and other violations of plaintiff's civil rights.

131. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendant Police Officers herein and other unidentified officers, to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, CLAIM OR RELIEF UNDER NY STATE LAW NEGLIGENT TRAINING AND SUPERVISION,

132. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

133. Upon information and belief, defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the seizure, the use of excessive force and violations of plaintiff's civil rights.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
## FOR STATE LAW VIOLATIONS

134.   Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

135.   The conduct of defendant Police Officers, and other unidentified police officers alleged herein, occurred while they were on duty, in uniform, and in and during the course and scope of their duties and functions as New York City Police officers, and while they were acting as agents, officers, servants and employees of the defendant CITY OF NEW YORK.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff SHARON LOPEZ, and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat superior.

136.   As a result of the foregoing, plaintiff was deprived of her constitutional rights, subjected to the use of excessive force and sustained great emotional and physical injuries, were subject to great humiliation, and were otherwise harmed, damaged and injured.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## INVASION OF PRIVACY AND TRESSPASS ON THE PERSON

137.   Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

138.   By the action described above, defendant Rackoff and other defendants, and other unidentified officers, each acting individually and in concert with each other, violated plaintiff's right of privacy and trespassed on her person, subjected her to embarrassment and humiliation, intruded into and invaded her seclusion of person, solitude and private affairs. The acts and

conduct of the defendant(s) were the direct and proximate cause of injury and damage to the plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat superior.

139. As a result of the foregoing, plaintiff was deprived of her constitutional rights, subjected to the use of excessive force and sustained great emotional and physical injuries, were subject to great humiliation, and were otherwise harmed, damaged and injured.

**WHEREFORE**, the plaintiff demands the following relief jointly and severally against all of the defendants:

    A.    Compensatory damages - $2,000,000.00;

    B.    Punitive damages- $2,000,000.00;

    C.    The convening and empanelling of a jury to consider the merits of the claims herein;

    D.    Costs and interest and attorney's fees;

    E.    Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated:    Queens, New York  
            September 18, 2017

Yours, etc.,

*Edward Zaloba*  
EDWARD ZALOBA, Esq.  
118-21 Queens Boulevard, Ste. 504  
Forest Hills, New York 11375  
(718) 261-3000